FILED
JAMES BONINI
CLERK

2008 FEB 11 P 2:32

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LARRY WITTKUGLE, ) | |
| ) | |
| Plaintiff, ) | No. 2:08 cv 0132 |
| ) | |
| vs. ) | **JUDGE GRAHAM** |
| ) | **MAGISTRATE JUDGE ABEL** |
| FINANCIAL RECOVERY SERVICES, ) | JURY DEMAND ENDORSED HEREON |
| INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES the Plaintiff, LARRY WITTKUGLE, by and through his attorneys, LUXENBURG & LEVIN, LLC, and for his Complaint against the Defendant, FINANCIAL RECOVERY SERVICES, INC., Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*

### JURISDICTION AND VENUE

2. Jurisdiction arises under the Fair Debt Collection Practices Act, §1692, *et seq.*, and the Ohio Consumer Sales Practices Act, Ohio Rev. Code §1345.01, *et seq.* Venue lies properly in this district pursuant to 28 U.S.C. §1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

### PARTIES

3. Plaintiff, LARRY WITTKUGLE, is an individual who was at all relevant times residing in the Powell, Ohio.

4. At all relevant times herein, Defendant, FINANCIAL RECOVERY SERVICES, INC., acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt.

5. On information and belief, Defendant is a corporation of the State of Minnesota, which is licensed to do business in Ohio and has its principal place of business located in Edina, Minnesota.

## ALLEGATIONS

6. During or about the first week of August, 2007, Plaintiff acquired a new mobile phone number.

7. Shortly thereafter, Plaintiff began receiving calls at his new phone number from an agent and/or employee of Defendant, asking to speak with someone named Wendy Williams ("Williams") in attempt to collect on a debt which Williams apparently owed to a client of Defendant. When Plaintiff advised Defendant's representative that this was his new phone number and he did not Williams, Defendant's representative accused Plaintiff of lying and covering up for Williams.

8. Plaintiff received additional phone calls at his new number from Defendant approximately four times during the months of August and September, 2007. After this, the phone calls from Defendant to Plaintiff ceased temporarily.

9. However, during the month of December, 2007, Plaintiff began receiving phone calls again from Defendant, who was apparently still looking for Williams. Despite the fact that Plaintiff had advised Defendant that he was not the person for whom Defendant was looking, Defendant continued to call Plaintiff on dates which include but are not limited to the following:

    a. December 14, 2007 (two calls);

      b.      December 18, 2007 (one call);

      c.      December 19, 2007 (two calls); and

      d.      January 23, 2008 (one call).

10.    In its attempts to collect the aforementioned debt, Defendant violated the Fair Debt Collection Practices Act in one or more of the following ways:

      a.      Communicating with a person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information, in violation of 15 U.S.C. § 1692b(3);

      b.      Communicating with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post-judgment judicial remedy, in violation of 15 U.S.C. § 1692c(b);

      c.      Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, in violation of 15 U.S.C. § 1692d(5); and

      d.      Acting in an otherwise deceptive manner and failing to comply with the Fair Debt Collection Practices Act.

11. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, LARRY WITTKUGLE, by and through his attorneys, respectfully prays for judgment as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00 for each violation of the Fair Debt Collection Practices Act;

    c.    Plaintiff's attorneys' fees and litigation costs; and

    d.    Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the Ohio Consumer Sales Practices Act)

12. Plaintiff hereby adopts, re-alleges and incorporates by reference Paragraphs 1-11 above as though fully rewritten here.

13. Defendant's actions in attempting to collect the alleged debt from Plaintiff as described above constitute a "consumer transaction" as defined in Ohio Rev. Code §1345.01(A).

14. Defendant is a "supplier" as defined in Ohio Rev. Code §1345.01(C), as Defendant is in the business of effecting or soliciting consumer transactions.

15. Plaintiff is a "consumer" as defined in Ohio Rev. Code §1345.01(C), as she is a person who engaged in a consumer transaction with a supplier, the Defendant herein.

16. Defendant's actions and omissions described above constitute unfair, deceptive and unconscionable acts and practices, in violation of Ohio Rev. Code §§ 1345.02 and 1345.03, and the substantive rules promulgated under the Ohio Consumer Sales Practices Act.

4

17. Defendant, through its agents and employees, knowingly committed the unfair, deceptive and unconscionable acts and practices described above.

18. As a result of Defendant's unfair, deceptive and unconscionable acts and practices, Plaintiff has suffered, and continues to suffer, various damages which include, but are not limited to the categories of damages described above.

WHEREFORE, Plaintiff, LARRY WITTKUGLE, by and through his attorneys, respectfully prays for judgment against Defendant as follows:

    a. Three (3) times all actual damages suffered for each violation;

    b. All statutory damages to which Plaintiff is entitled for each violation;

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    d. Such other and further relief as may be necessary, just and proper.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in the this action, except for the trebling of any damages pursuant to Ohio Rev. Code §1345.09 and any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

Respectfully Submitted,

/s/ David B. Levin
David B. Levin (0059340)
Mitchel E. Luxenburg (0071239)
Luxenburg & Levin, LLC
Attorneys for Plaintiff
P.O. Box 39605
Solon, OH 44139-0605
(440) 364-1869
(440) 287-6040 (facsimile)
David@LuxenburgLevin.com

5